UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA             :

       - v-             :     **MEMORANDUM DECISION**

NATHANIEL ORTIZ,             :     08 Cr. 548 (DC)

       Defendant.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:   AUDREY STRAUSS, Esq.
 United States Attorney for the
 Southern District of New York
     By:   Michael D. Maimin, Esq.
           Assistant United States Attorney
 One Saint Andrew's Plaza
 New York, NY  10007

 QUINN EMANUEL URQUHART & SULLIVAN, LLP
 Attorneys for Defendant
     By:   Marc Greenwald, Esq.
 51 Madison Avenue, 22nd Floor
 New York, NY  10010

CHIN, Circuit Judge:

On June 5, 2009, defendant Nathaniel Ortiz was convicted of conspiracy to distribute, and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 812, 831(a)(1), and 841(b)(1)(A), and possession of a firearm in violation of 18 U.S.C. § 924(c)(1)(B)(ii) and (2).  On October 28, 2009, he was sentenced to life in prison.

Dkt. No. 200.  In 2012, Ortiz moved for resentencing pursuant to 18 U.S.C. § 3582(c)(2) under the Fair Sentencing Act of 2010, which lowered the base offense levels to ameliorate disparities between cocaine and crack cocaine offenses.  Dkt. No. 274.  I granted the motion and reduced his sentence to 360 months to run consecutively with a state sentence Ortiz was serving for attempted murder.  Dkt. No. 301.

Ortiz now moves to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act (the "FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).  Dkt. No. 369 ("Def. Mem.").  He contends that COVID-19, combined with his family situation and rehabilitation, constitute "extraordinary and compelling" circumstances warranting compassionate release.  Def. Mem. at 10-14.  He further contends that the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of release.  *Id*. at 20-28.

For the reasons set forth below, the motion is denied.

### BACKGROUND

**1.    Ortiz's Crimes**

Ortiz was the leader of an extensive and successful crack-distribution organization from at least 2003 to 2008.  Pre-Sentence Report ("PSR") ¶¶ 2-3, 24; Dkt. No. 371 ("Gov't Opp'n") at 4-5.  He operated this organization at an apartment building in the Bronx, New York, employing several workers -- many of whom were minors.  *See* Sent'g Tr. at 33.

Outside the drug operation, Ortiz engaged in acts of violence. In one instance, Ortiz followed two men in his car after one had said hello to his girlfriend. PSR ¶ 88. Ortiz shot one of the men in the neck and attempted to shoot the other who had greeted his girlfriend, but his gun jammed. *Id*. As a result, the state court sentenced Ortiz to nine years' imprisonment for two counts of attempted murder. PSR ¶ 87.

**2.    Ortiz's Conviction and Sentencing**

On June 5, 2009, a jury found Ortiz guilty of: (1) participating in a conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846; and (2) possessing, using, and carrying firearms that were brandished during and in furtherance of the crack-distribution conspiracy charged in Count One, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

On October 28, 2009, I sentenced Ortiz to a term of life imprisonment on Count One and no imprisonment on Count Two, which were to be followed by concurrent terms of five years' supervised release on both counts. *See* Dkt. No. 200. I also imposed a mandatory $200 special assessment. I found that Ortiz's total offense level under the Guidelines was 44, his Criminal History Category was IV, and his resulting advisory Guidelines sentence was life imprisonment. Sent'g Tr. at 24. In rejecting Ortiz's request for a term of 20 years' imprisonment, I noted many factors that

3

warranted a lengthier sentence, such as his leadership role, his extensive criminal history, his prior conviction for attempted murder, his use of guns during the conspiracy, the enormous quantity of crack cocaine his organization dealt, the misery his organization caused to the people living at the apartment which became his crack-distribution hub, and his use of children in the conspiracy. Sent'g Tr. 33-34.

On April 16, 2012, Ortiz moved this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c). Dkt. No. 273. In light of the lowered Guidelines sentencing range, I reduced Ortiz's sentence to 360 months' imprisonment but denied his motion to have this sentence run concurrently with his state sentence, acknowledging the seriousness of his attempted murder charge. Dkt. No. 301 at 5-7.

### 3. Ortiz's Request for Compassionate Release

On September 14, 2020, Ortiz made a request to the Warden at FCI Schuylkill, where he is incarcerated, for compassionate release. Gov't Opp'n at 17; Def. Mem. at 4. The Warden denied his request nine days later, and Ortiz filed the instant motion on December 23, 2020. Dkt. No. 369 ("Mot."). The government opposed the motion by letter filed January 27, 2021. Gov't Opp'n at 1. Ortiz filed his reply on February 2, 2021. Dkt. No. 372. Ortiz, now 45 years-old, has an expected release date of July 10, 2026. Dkt. No 373 at 2.

4

# DISCUSSION

1.  **Applicable Law**

Section 3582(c)(1)(A) provides that a court may reduce a sentence if extraordinary and compelling reasons are shown. 18 U.S.C. § 3582(c)(1)(A). Courts were previously bound by U.S. Sentencing Guidelines Manual § 1B1.13, which limited the reasons that qualified as extraordinary and compelling. *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020).[1] The Second Circuit has now held, however, that district courts are free to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Brooker*, 976 F.3d at 237; *see also United States v. Ciprian*, No. 11 Cr. 1032 (PAE), 2021 U.S. Dist. LEXIS 18698, at *5 (S.D.N.Y. Feb. 1, 2021) ("[T]he Court is not constrained by either § 1B1.13's enumeration of extraordinary and compelling reasons or by its freestanding requirement that the defendant seeking release not pose any danger to the community."). *United States v. Pellegrino*, No. 18-CR-0496-1(JS), 2020 WL 5820325, at *4 (E.D.N.Y. Sept. 30, 2020). Thus, a district court has broad discretion in considering what circumstances constitute extraordinary and compelling reasons. *Id.* Rehabilitation alone, however, "shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

---

[1] Pursuant to the Sentencing Guidelines, extraordinary and compelling reasons were limited to: the medical condition of the defendant, the age of the defendant, family circumstances, and other reasons determined by the BOP. U.S. Sentencing Manual § 1B1.13, n.1.

5

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the FSA, a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons (the "BOP") or the defendant. *See United States v. Gil*, No. 90 Cr. 306 (KMW), 2020 WL 2611872, at *1 (S.D.N.Y. May 22, 2020); *United States v. Patterson*, No. 17 Cr. 118-6 (KPF), 2020 WL 2571044, at *2 (S.D.N.Y. May 21, 2020). A defendant may move for a reduction under the statute only upon exhausting administrative remedies within the BOP. *See* 18 U.S.C. § 3582(c)(1)(A).

A court may reduce a sentence if it finds, "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction" and that the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[2]

The existence of "extraordinary and compelling reasons" for a reduction does not mean that a district court must release the defendant. *See United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020). Rather, section 3582(c)(1)(A) provides that a court "may" reduce a sentence if "extraordinary and compelling reasons" are shown, and thus a district court has the discretion to grant or deny a request for compassionate release even if a defendant is otherwise eligible. *See United States v.*

---

[2] The court may also reduce a sentence where a defendant is at least 70 years old and has served at least 30 years in prison. See 18 U.S.C. § 3582(c)(1)(A)(ii). That provision is not applicable here, as Mr. Ortiz is not 70 years old and has not served 30 years.

*Israel*, No. 05 Cr. 1039 (CM), 2019 WL 6702522, at *11 (S.D.N.Y. Dec. 9, 2019) ("A court is not required to reduce a sentence on compassionate release grounds, even if a prisoner qualifies for such reduction because of his medical condition . . . ."). If a defendant qualifies for a reduction, the court must decide whether to grant the reduction by weighing the factors set forth in section 3553(a), to the extent they are applicable. *See id.* at *2. These include: the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense and adequate deterrence; and the need to avoid unwarranted disparities in sentences. *See* 18 U.S.C. § 3553(a).

On a motion for compassionate release, the defendant bears the burden of showing that a reduction is warranted. *See Patterson*, 2020 WL 2571044, at *2; *Ebbers*, 432 F. Supp. 3d at 426-27; *see also United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

**2.    Application**

As a threshold matter, Ortiz has exhausted his administrative remedies, as the Warden denied his request for release and more than 30 days have elapsed since the Warden received the request to file the instant motion. Gov't Opp. Ex. A at 1-3.

First, I consider whether Ortiz is eligible for compassionate release under section 3582(c)(1)(A), that is, whether he has demonstrated extraordinary and compelling reasons warranting a sentence reduction. I conclude that he has. Second, I consider whether to grant the motion by weighing the factors set forth in section 3553(a), to the extent they are applicable. I conclude that the statutory factors weigh in favor of denying the motion.

### A. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) does not define "extraordinary and compelling reasons." Rather, the Court has broad discretion to consider reasons beyond those listed in the Sentencing Guidelines, including "the severity of [the defendant's] sentence in weighing his motion for compassionate release," *United States v. Vargas*, No. 88 Cr. 325 (VEC), 2020 WL 6886646, at *6 (S.D.N.Y. Nov. 24, 2020), the defendant's "age at the time of his crime and the sentencing court's statements about the injustice of his lengthy sentence," and "the present coronavirus pandemic, which courts around the country . . . have used as a justification for granting some sentence reduction motions." *Brooker*, 976 F.3d at 238. Where "no single factor alone" may justify release, the total circumstances may still rise to the level of extraordinary and compelling reasons for release. *See Vargas*, 2020 WL 6886646, at *1 (finding that, in combination, the defendant's rehabilitation, harsh sentence, medical issues, the pandemic, and intention to care for his mother were extraordinary and compelling reasons).

At the beginning of March, Ortiz contracted COVID-19.  Dkt. No. 369 at 12-13, Dkt. No. 378 at 1-2.  In cases brought by inmates who had already contracted COVID-19, courts have held that they were required to demonstrate that the facility was not providing adequate medical care.  *See United States v. Hardy*, 11 Cr. 629 (CS), 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020); *United States v. Binday*, No. 12 Cr. 152 (CM), 2020 WL 4017822, at *6 (S.D.N.Y. July 16, 2020).  Ortiz contends that the prison facility's treatment fell below the standard of adequate medical care.  Dkt. No. 389 at 2-3.  Medical records from the prison, however, demonstrate that Ortiz was seen regularly during his period of infection, never exhibited severe symptoms, and was never denied necessary medical care.  Dkt. No. 380 at 3-4.  Further, on March 27, 2021, Ortiz was offered (but refused) a COVID-19 vaccine.  Dkt. No. 380 at 4.  In sum, Ortiz has failed to show that he was not provided with adequate medical care.

Nevertheless, I conclude that there are extraordinary and compelling circumstances in this case due to Ortiz's family circumstances and his health.  First, Ortiz's partner suffers from breast cancer and faces significant challenges in providing care for her and Mr. Ortiz's child.  Dkt. No. 369 at 10.  When there is no one else available to provide care, a child or close family member's need is a compelling circumstance militating the court's compassionate release of an inmate who can provide such care.  *See* U.S.S.G. § 1B1.13 Application Note 1(C).  Second, Ortiz suffers from chronic asthma, hypertension, and pre-diabetes -- all of which place him at greater risk

if he were to contract COVID-19 a second time. These factors, taken together, present extraordinary and compelling circumstances in light of the ongoing COVID-19 pandemic. *See United States v. Franco*, No. 12 CR. 932 (PAC), 2020 WL 4344834, at *2 (S.D.N.Y. June 24, 2020) (granting release to a 41-year-old defendant with diabetes, obesity, and hypertension); *United States v. Martinez*, No. 06 CR. 591 (LAP), 2020 WL 5517501, at *2 (S.D.N.Y. Sept. 13, 2020) (granting release for defendant who was the only family member able to care for his sister suffering from cancer); *United States v. Hernandez*, 451 F. Supp. 3d 301, 303 (S.D.N.Y. 2020) ("The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation.").

### B. The 3553(a) Factors

Although Ortiz qualifies for a sentence reduction because he has established extraordinary and compelling circumstances, I conclude that the section 3553(a) factors weigh against granting compassionate release.

First, I recognize that Ortiz has shown significant signs of rehabilitation during the term of his incarceration: (1) during his 13 years of imprisonment, he has had no disciplinary infractions; (2) he earned his GED and has diligently trained for certifications as an electrician technician, a forklift driver, and a personal trainer; and (3) he completed 350 hours of training to serve as a substance abuse counselor, volunteering as a suicide prevention counselor for many years, and achieving certifications in non-violent conflict resolution. Mot. at 12; Gov't Opp. at 15. Ultimately,

however, the nature and seriousness of his prior offenses weigh heavily against compassionate release. Ortiz was the leader of a crack-distribution scheme. He used violent tactics to maintain control over his operation.

Second, Ortiz's criminal history counsel against release. As I noted at the sentencing, his criminal conduct was considerably violent and evinced a particular disregard for the safety and well-being of others; he not only ran the organization but he also recruited minors into the scheme. Sent'g Tr. at 32-33.

Third, granting Ortiz's motion would result in an approximately twenty-five-year reduction to his original sentence, meaning that he serves less than 18% of his sentence. Given the seriousness of his offense conduct, and the extent to which it put others in the community at risk, such a substantial sentence reduction would undermine respect for the law and the need for a just sentence, and the sentence imposed would lose much of its deterrent effect.

## CONCLUSION

For the reasons set forth above, Ortiz's motion for compassionate release is DENIED.

SO ORDERED.

Dated: New York, New York
July 6, 2021

s/Denny Chin_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation

11