UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA      :

        - v -                    :      MEMORANDUM DECISION
                                            AND ORDER
NATHANIEL L. ORTIZ,          :

                                                08 Cr. 548 (DC)

         Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

APPEARANCES:      NATHANIEL L. ORTIZ, *pro se*
                            Register No. 61175-054
                            FCI Ray Brook
                            Federal Correctional Institution
                            P.O. Box 900
                            Ray Brook, NY  12977

CHIN, Circuit Judge:

        On May 11, 2017, defendant Nathaniel L. Ortiz wrote a letter to this Court *pro se*, to which he appended a *pro se* motion to reduce his sentence in light of *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014).  Dkt. No. 342.  On August 20, 2019, Ortiz wrote a supplementary letter describing activities he had undertaken while incarcerated.  Due to administrative oversight, Ortiz's first

letter was not registered as a motion, and his second letter was not docketed.[1]  I have now reviewed the 2017 motion, as supplemented by the August 20, 2019, letter, and for the reasons set forth below, the motion is denied.

The underlying facts and procedural history of this case are set out in my memorandum decision of July 6, 2021, denying a motion for compassionate release that Ortiz filed on December 23, 2020, with the assistance of counsel.  *See* Dkt. No. 382.  That motion for compassionate release did not reference the 2017 motion.  I conclude, in any event, that nothing in the 2017 motion or the August 20, 2019, submission warrants a different result.

First, Ortiz's motion misapprehends *Holloway*.  In that case, Judge Gleeson "issued an order requesting that the United States Attorney consider exercising her discretion to agree to an order authorizing a more just resentencing." *United States v. Erskine*, 2017 WL 10751237, at *1 (S.D.N.Y. Aug. 18, 2017) (citing *Holloway*, 68 F. Supp. 3d at 314).  The United States Attorney eventually "acquiesced . . . , allowing Judge Gleeson to vacate two of Holloway's convictions without opposition from the government and to resentence him." *Erskine*, at *1 (citing *Holloway*, 68 F. Supp. 3d at 315).  Here, by contrast, Mr. Ortiz

---

[1]  The Clerk of the Court is respectfully requested to docket Ortiz's letter of August 20, 2019.

asks me to reduce his sentence directly rather than to issue an order resembling Judge Gleeson's.

As I have explained in greater detail elsewhere, "*Holloway* has no real bearing on my ability or inclination to revisit" Ortiz's sentence. *Erskine*, at *1. Judge Gleeson's decision in *Holloway* did not establish a rule of law, and it is not binding on this or any other court. *Id.*

In addition, the facts of *Holloway* are distinguishable from those of Ortiz's situation. Unlike Holloway, Ortiz did not receive a sentence enhanced by the effect of any mandatory minimum or stacking provisions. *Compare Holloway*, 68 F. Supp. 3d at 312-13, *with* Dkt. No. 382 at 2-3. It is true that like Holloway's, Ortiz's sentence was more severe than those of his co-defendants, but unlike Holloway's, Ortiz's criminal conduct was significantly more serious.[2] At sentencing, I rejected Ortiz's request for a sentence of 240 months' imprisonment

---

[2]  I sentenced fourteen of Ortiz's fifteen co-defendants to terms of incarceration ranging from 168 months to time served. The fifteenth co-defendant, Ortiz's wife, pled guilty only to withholding information about a crime, and I sentenced her to a term of probation. Of the fourteen co-defendants who served terms of incarceration, eleven were convicted of conspiracy to distribute controlled substances or narcotics; one was convicted of using a communications facility to distribute controlled substances; and only two were convicted, as Ortiz was, of both conspiracy to distribute and a gun offense. Neither of these co-defendants, however, played the leadership role in the conspiracy that Ortiz did. *See generally United States v. Ortiz et al.*, No. 08-cr-548.

3

and imposed a sentence of life imprisonment relying on such factors as "his leadership role, his extensive criminal history, his prior conviction for attempted murder, his use of guns during the conspiracy, the enormous quantity of crack cocaine his organization dealt, the misery his organization caused to the people living at the apartment which became his crack-distribution hub, and his use of children in the conspiracy." Dkt. No. 382, at 4; *see also* Sent'g Tr. 33-34. Moreover, at the time I sentenced Ortiz, he had pleaded guilty to an unrelated attempted murder under New York law and had begun to serve a nine-year term for that crime. *See* Dkt. No. 194 at 23-25.

In further distinction from Holloway, Ortiz has already benefited from one reduction in his sentence. In 2012, he "moved for sentencing pursuant to 18 U.S.C. § 3582(c)(2) under the Fair Sentencing Act of 2010, which lowered the base offense levels to ameliorate disparities between cocaine and crack cocaine offenses." Dkt. No. 382 at 2. I granted Ortiz's motion and resentenced him to 360 months' imprisonment, to run concurrently with his state sentence. *Id.*

I recently had the opportunity to revisit Ortiz's sentence when I considered his counseled motion for compassionate release under 18 U.S.C.

4

§ 3582(c)(1)(A).³ Dkt. No. 368. He asserted that the exigencies of the then-novel COVID-19 pandemic constituted an extraordinary and compelling reason to reduce his sentence and that the purposes of his incarceration had been served. Dkt. No. 369. The Government responded on January 27, 2021, arguing that I should deny the motion because Ortiz had not shown a heightened risk of contracting COVID-19 while incarcerated and because the applicable factors in 18 U.S.C. § 3553(a) did not favor relief. Dkt. No. 371. I determined that although the pandemic did present extraordinary and compelling circumstances, the section 3553(a) factors collectively weighed against granting Ortiz compassionate release. Dkt. No. 382 at 7-11. I concluded that Ortiz had "shown significant signs of rehabilitation during the term of his incarceration," but these were outweighed by "the nature and seriousness of his prior offenses," his violent criminal history, and the magnitude of the reduction Ortiz was requesting. *Id.* at 10-11. I therefore denied Ortiz's motion. *Id.* at 11.

The same considerations under section 3553(a) weigh against granting Ortiz's 2017 motion, which fails to provide any new basis for relief that I have not already rejected in his motion for compassionate release. Evidence that

---

³   Although decided while the instant motion was pending, Ortiz's motion for compassionate release is separate from it.

5

Ortiz has submitted in connection with this motion, including a list of his educational and vocational activities while incarcerated, as well as a letter taking responsibility for his actions, *see, e.g.*, Dkt. No. 342 at 1-2, reinforces my assessment that he "has shown significant signs of rehabilitation during the term of his incarceration." Dkt. No. 382 at 10. Yet it also remains the case that Ortiz led and recruited others, including minors, into a violent, reckless drug conspiracy. *Id.* at 11. Moreover, because Ortiz has still served less than half of his already reduced sentence, a further reduction in his term of incarceration would "undermine respect for the law and the need for a just sentence." *Id.*

## CONCLUSION

For the reasons set forth above, Ortiz's motion for a further sentence reduction is DENIED.

SO ORDERED.

Dated: New York, New York
September 12, 2022

DENNY CHIN
United States Circuit Judge
Sitting by Designation