UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATHANIEL ORTIZ, | |
|                Petitioner, | 25-CV-6721 (LTS) |
|     -against- | 08-CR-0548-1 (DC) |
| UNITED STATES, | ORDER |
|                Respondent. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

On August 12, 2025, the Clerk's Office received a petition for a writ of error *coram nobis* from Nathaniel Ortiz ("Ortiz"), a defendant in a closed criminal case litigated in this court. *See United States v. Ortiz*, No. 08-CR-0548-1 (DC) (S.D.N.Y. Nov. 12, 2009). The Clerk's Office opened the petition as a new civil action and assigned it docket number 25-CV-6721. For the following reasons, the Court directs the Clerk of Court to file the petition in the *United States v. Ortiz* criminal matter and to close this civil action.

## DISCUSSION

"As a historical matter, the writ of *coram nobis* was used by a court to correct its own errors." *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006) (addressing federal court jurisdiction to set aside a state court conviction). Where a defendant seeks to challenge a federal conviction, federal courts generally handle the error *coram nobis* petition in the underlying criminal matter. *See United States v. Morgan*, 346 U.S. 502, 506 (1954).

Petitioner seeks to challenge the validity of a state court conviction, for which the "crime's sentence has been served," asserting that the conviction "is being used today to elevate the BOP's security points, pattern score for E.B.R.R. programs, and affects his abilities to earn FTC and his housing as well as elevate his federal sentence." (ECF 1, at 6.)

Because Ortiz challenges the use of his state court conviction to "elevate his federal sentence," the Court concludes that this petition should be addressed in Ortiz's criminal case.[1]

## CONCLUSION

The Court directs the Clerk of Court to file the petition for a writ of error *coram nobis*, docketed in this case at ECF 1, in the criminal case, *United States v. Ortiz*, No. 08-CR-0548-1 (DC). The Court also directs the Clerk of Court to file a copy of this order in the criminal case. Finally, the Court directs the Clerk of Court to terminate any motions in this case and close the matter.

SO ORDERED.

Dated:   October 2, 2025
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[1] Ortiz indicates that the Bureau of Prisons ("BOP") has considered his state court conviction in executing his sentence. If Ortiz seeks to challenge the BOP's decision-making, regarding the execution of his sentence, he may do so by filing a petition under 28 U.S.C § 2241. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Under Section 2241, a federal prisoner may challenge the execution of his federal sentence, "including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian*, 245 F.3d at 146. Before filing a Section 2241 petition, however, federal prisoners must first raise a challenge with the BOP. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (noting that "[w]e have held that federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief"); *United States v. Whaley*, 148 F.3d 205, 207 (2d Cir. 1998) (per curiam) (noting that federal prisoners "may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies").