UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

          - v-                                :     **MEMORANDUM DECISION**
                                                **AND ORDER**

NATHANIEL ORTIZ,                    :
                                                 08-CR-548 (DC)

              Defendant.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

APPEARANCES:        NATHANIEL L. ORTIZ, *pro se*
                           Register No. 61175-054
                           FCI Gilmer
                           201 FCI Lane
                           P.O. Box 6000
                           Glenville, WV, 26351

CHIN, Circuit Judge:

       *Pro se* defendant Nathaniel L. Ortiz brings this petition for a writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651(a), to vacate a state court conviction.  Ortiz pled guilty on April 23, 2008 in the Supreme Court of the State of New York, Bronx County, to two counts of attempted murder, and was sentenced to nine years' imprisonment.  Pre-Sentence Report ("PSR") ¶¶ 87-88; Dkt. No. 301 at 3 & n.2.  While he was released on bail, Ortiz was indicted by the federal government and eventually convicted of federal narcotics charges.  Dkt. No. 200; *see* Sent'g Tr. at 28.  He was sentenced to life in prison, which this Court subsequently reduced, pursuant to the

2010 Fair Sentencing Act amendments, to 360 months to run consecutive to his state court sentence. Dkt. No. 301.

Ortiz now brings a petition for *coram nobis* relief seeking to set aside his New York state court conviction. Ortiz argues that misrepresentations made during that plea bargaining process resulted in fundamental error rendering his conviction invalid. Pet. at 1. This Court lacks subject matter jurisdiction to review a petition for *coram nobis* relief as to Ortiz's state court conviction. Even construing Ortiz's petition liberally as a challenge brought pursuant to 28 U.S.C. § 2254 or a second challenge brought pursuant to 28 U.S.C. § 2255, his claim is time-barred or otherwise unavailable. Accordingly, the petition is DENIED.

## BACKGROUND

**1.     Procedural History**

Prior to the initiation of any federal court proceedings, Ortiz was convicted of attempted murder in New York Supreme Court. In 2005, Ortiz followed two security guards in his car after one had said hello to his girlfriend earlier that night. Pre-Sentence Report ("PSR") ¶ 88. Ortiz shot one of the men in the neck and aimed his gun at the other, but his gun jammed. *Id.* The state court sentenced Ortiz to nine years' imprisonment for two counts of attempted murder. *Id.* ¶ 87.

In July 2008, federal prosecutors brought narcotics-related charges against Ortiz and fifteen co-defendants. Dkt. No. 61. Because the facts and procedural history related to Ortiz's federal charges are detailed extensively in this Court's prior rulings, *see, e.g.,* Dkt. Nos. 301, 303, 382, 390, I summarize them only as relevant to Ortiz's instant petition.

Ortiz was the leader of crack-distribution organization from at least 2003 to 2008. PSR ¶¶ 2-3, 24; Dkt. No. 371 at 4-5. On June 5, 2009, Ortiz was convicted of conspiracy to distribute and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 812, 831(a)(1), and 841(b)(1)(A), and possession of a firearm in violation of 18 U.S.C. § 924(c)(1)(B)(ii) and (2). On October 28, 2009, I sentenced Ortiz to a term of life imprisonment. *See* Dkt. No. 200. I noted many factors that warranted this sentence, such as Ortiz's leadership role in the operation, his use of guns during the conspiracy, the involvement of minors in the operation, the enormous quantity of crack cocaine distributed, and the impact that his operation had on the people living in the apartment that he used as a distribution hub. Sent'g Tr. at 33-34. I also considered Ortiz's prior conviction for attempted murder, noting that Ortiz had shot one person in the neck and that, but for his gun jamming, he would have shot another. *Id.* at 32.

In 2012, Ortiz moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) under the Fair Sentencing Act of 2010, which lowered base offense levels for many crack cocaine offenses. Dkt. No. 274. I reduced Ortiz's sentence to 360 months'

3

imprisonment, but denied his motion to have his federal sentence run concurrently with his state sentence, acknowledging the seriousness of his attempted murder charge. Dkt. No. 301 at 5-7.

Ortiz separately moved to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255.  *See* Dkt. No. 303.  I denied the requested relief on July 25, 2013, finding that Ortiz's challenges related to amendments to the superseding indictment, special jury interrogatories, and evidentiary issues were procedurally barred because he did not raise those challenges on direct appeal, and also dismissing them after review of the merits.  *Id.*  This Court and the Second Circuit declined to issue certificates of appealability, finding that Ortiz had not made a substantial showing of the denial of a constitutional right.  *See id.* at 22; Dkt. No. 310.

In December 2020, Ortiz moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act. Dkt. No. 368. I found that although there were extraordinary and compelling circumstances related to Ortiz's family circumstances and his health during the COVID-19 pandemic, the § 3553(a) factors ultimately weighed against granting compassionate release. Dkt. No. 382 at 10-11. Based on the same § 3553(a) considerations, I also denied a separate motion by Ortiz to reduce his sentence in light of *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). Dkt. No. 390.

4

2.   *Coram Nobis* Petition

Ortiz filed the instant petition for writ of error *coram nobis* on October 6, 2025.  In his *pro se* filing, Ortiz argues that "irregularities" related to the plea process for his state conviction resulted in fundamental error.  Pet. at 1.  As support, he attaches an affirmation from his defense attorney in the state court proceeding supporting his motion to withdraw his guilty plea.  Specifically, Ortiz claims that the State, defense counsel, and the state court judge had agreed on a plea of seven years' imprisonment.  *Id.* at 3.  Ortiz alleges that the state court judge stated, on the record, that Ortiz could revoke his guilty plea if he was not satisfied with his sentence.  *Id.*  Ortiz then accepted the seven-year plea.  *Id.*  After the judge reviewed the Grand Jury minutes, however, he stated that he would instead impose a nine-year sentence.  Ortiz apparently accepted this new plea, though he claims he did so "under the reassurance of the court" that he could revoke his plea if he later decided to pursue another plea or go to trial.  *Id.* at 4.

Ortiz argues the agreement as to the original seven-year sentence created a binding "verbal contract" that the state court breached when it later denied Ortiz's request to revoke his guilty plea and instead imposed a nine-year sentence.   He argues that this resulted in a fundamental and structural error because, without the guarantee that he could either receive a seven-year sentence or revoke his plea, he may have gone to trial.  *Id*.  Ortiz notes that, although he has completed serving his state court sentence, the conviction is still being used to designate his security and custody levels, in the

5

calculation of his credits earned under the First Step Act's Evidence-Based Recidivism Reduction (E.B.R.R.) programs, and to "elevate his federal sentence." *Id.* at 6.

## DISCUSSION

*Coram nobis* relief is an "extraordinary remedy that issues only in extreme cases." *United States v. Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018) (citation modified). Because *coram nobis* relief is "typically available only when habeas relief is unwarranted because the petition is no longer in custody," *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014), it serves as a "remedy of last resort." *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998). *Coram nobis* relief is "strictly limited to those cases in which errors . . . of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (citation modified).

A federal court, however, may only issue a writ of *coram nobis* to "correct errors within [its] *own* jurisdiction." *Ogunwomoju v. United States*, 512 F.3d 69, 74 (2d Cir. 2008) (emphasis added) (noting that the text of 28 U.S.C. § 1651(a) allows federal courts to issue *coram nobis* relief only as "necessary or appropriate in aid of their jurisdictions and agreeable to the uses and principles of law"); *Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006). Because "the All Writs Act does not confer jurisdiction," it does not expand federal court jurisdiction beyond the common-law scope of the writ and allow us to set aside the judgments of state courts. *Ogunwomoju*, 512 F.3d at 75;

6

*Spitzer*, 455 F.3d at 134.  Accordingly, this Court lacks jurisdiction to review Ortiz's *coram nobis* petition as to his conviction in New York state court.[1]

The All Writs Act is merely a "residual source of authority to issue writs that are not otherwise covered by statute." *Carlisle v. United States*, 517 U.S. 416, 429 (1996).  If a different statute "specifically addresses" the challenge at hand, it governs the scope of federal authority and is controlling.  *Id.*  Accordingly, although Ortiz's petition is styled as one for *coram nobis* relief under § 1651(a), this Court will briefly discuss the viability of Ortiz's argument if liberally construed, under the standards applied to *pro se* litigants, as one brought pursuant to 28 U.S.C. § 2254 or § 2255.  *See Triestman v. Fed. Bureau of Prisons*, 450 F.3d 471, 474 (2d Cir. 2006) (per curiam).

Ortiz could have brought this claim to collaterally attack the validity of his state court conviction by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 if and when he had exhausted his remedies in state court.  *See* 28 U.S.C. § 2254(b). On the record before this Court, it is unclear whether Ortiz pursued any timely direct or collateral challenges to his state court conviction, either through a motion pursuant to N.Y. C.P.L. § 440 in state court, or a motion pursuant to 28 U.S.C. § 2254 in federal court. Any § 2254 petition would be subject to the one-year statute of limitations prescribed in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which generally runs

---

[1] The cases to which Ortiz's petition cites for support involve federal convictions.  *See United States v. Carter*, 37 F.2d 444 (5th Cir. 1971); *United States v. Peter*, 310 F.3d 709 (11th Cir. 2002); *Dean v. United States*, 418 F. Supp. 2d 149 (E.D.N.Y. 2006).

7

from the date on which the state judgment became final, but excludes the time during which properly filed state post-conviction relief applications are pending. *See* 28 U.S.C. § 2244(d)(1)(A), (d)(2). Even assuming Ortiz had properly exhausted his state remedies, a § 2254 motion brought now is time-barred under AEDPA unless there are state proceedings that have been pending for more than fifteen years. Nor does it appear that any exceptions to the one-year rule would apply. *See Smith v. McGinnis*, 208 F.3d 13, 15, 17 (2d Cir. 2000); *Holland v. Florida,* 560 U.S. 631, 645, 653 (2010); *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013).

    Alternatively, liberally construing Ortiz's argument as challenging the use of his allegedly invalid state court conviction in this Court's determination of his *federal* sentence, that claim could arguably fall within the scope of 28 U.S.C. § 2255. *See, e.g., United States v. Hoskins*, 905 F.3d 97 (2d Cir. 2018) (reviewing defendant's claim, brought under § 2255, that his state conviction led to an improper enhancement of his federal sentence); *see also Ortiz v. New York*, 75 F. App'x 14, 17 (2d Cir. 2003) (summary order) (denying *coram nobis* relief because "the relief sought by [the defendant] -- a reduction in the federal sentence that he is currently serving -- is covered by 28 U.S.C. § 2255") (citation modified). To the extent Ortiz is seeking to challenge his predicate state conviction through a second § 2255 motion, however, he may not do so if the state conviction is "no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the

8

defendant did so unsuccessfully)." *Daniels v. United States*, 532 U.S. 374, 382 (2001). Assuming that he has not pursued any timely or successful challenges to his state court conviction, the "presumption of validity that attached to the prior [state] conviction at the time of sentencing is conclusive," and Ortiz is "without recourse" to attack his prior conviction through a second and successive § 2255 motion. *Id.* at 382.

Finally, even if Ortiz could collaterally attack his federal sentence using his state court conviction, he must move first in the Court of Appeals for an order that authorizes this Court to consider his second § 2255 petition. *See* 28 U.S.C. §§ 2244(a), 2255(h). To that end, I note that Ortiz did not raise a challenge regarding the validity of his state conviction in his original § 2255 motion, *see* Dkt. No. 303, and that the allegations in the instant petition regarding his state plea bargain do not involve claims of newly discovered evidence or a retroactive change in the law. *See* 28 U.S.C. § 2255(h).

## CONCLUSION

For the reasons set forth above, Ortiz's petition for writ of error *coram nobis* is **DENIED**. Because the petitioner has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be taken in good faith.

The Clerk of the Court shall enter judgment accordingly and mail a copy of this memorandum and order to Ortiz at his last known address.

SO ORDERED.

Dated:    New York, New York
          November 24, 2025

                                        s/Denny Chin_____
                                        DENNY CHIN
                                        United States Circuit Judge
                                        Sitting by Designation